

## IN THE CIRCUIT COURT FOR CHAMBERS COUNTY, ALABAMA

ERIC ROBERSON,

    plaintiff,

-vs-                  CASE NO. CV _____

ALABAMA TRUCKING ASSOCIATION
       WORKERS' COMPENSATION
       FUND, a domestic entity; WALTER
       C. SCHOR, an adult individual;
       CHRIS JONES, an adult
       individual; defendants A, B, and
       C, those legal entities known as or
       doing business as any named
       corporate defendant; defendants
       D, E, F, G, and H, those persons or
       legal entities who were involved in
       placing or attempting to place
       workers' compensation insurance
       coverage for LSK as described in
       more detailed reference below;
       defendants I, J, K, L, and M, those
       persons or entities who or which employed
       or served as principals for agents who
       worked with LSK as more particularly
       described below in an effort to secure
       workers' compensation coverage for LSK;
       defendants O, P, Q, and R, those legal
       entities for whose benefit the insurance
       agents were working actually or apparently
       to secure workers' compensation coverage
       for LSK as more particularly described below,
       or who provided workers' compensation
       coverage in the event that those agents acted
       in such manner to bind coverage; defendants
       S, T, and U, those persons or legal entities who
       committed or ratified the acts of misconduct
       alleged herein,

    defendants.

## COMPLAINT

### Parties

1. Plaintiff, Eric Roberson, was at all times material an adult resident of Chambers County, Alabama. He secured a judgment against on June 18, 2009, against LSK Enterprises, Inc. ("LSK"), on June 18, 2009, awarding various benefits under the Alabama Workers' Compensation Act. LSK is a domestic corporation with its principal place of business in Chambers County, Alabama. On June 18, 2009, LSK assigned all its rights to any and all claims or causes of action it had against workers' compensation agents or insurers to Eric Roberson. Prior to June 18, 2009, LSK was not obligated to pay benefits under the Alabama Workers' Compensation Act to Roberson, but became obligated that day when the Circuit Court for Chambers County, Alabama, ordered workers' compensation benefits paid by LSK to Roberson.

2. The named defendant, **ALABAMA TRUCKING ASSOCIATION WORKERS' COMPENSATION FUND**, is a domestic entity doing business in Chambers County, Alabama, having as its purpose the provision of workers' compensation insurance, claims handling, and claims administration.

3. The named individual defendant, Walter Schor, at all times material, was an insurance agent licensed to do business in Alabama, and authorized to seek and place business on behalf of **ALABAMA TRUCKING ASSOCIATION WORKERS' COMPENSATION FUND** ("the Fund").

### Venue

4. The injuries to Eric Roberson subjecting LSK to liability for workers' compensation benefits, as well as some of the actions subjecting the defendants to liability, as well as the

underlying workers' compensation action, occurred in Chambers County, Alabama, where the plaintiff resided at all material times, and where the named defendants did business at all times material.

### Subject Matter Jurisdiction

5. The claims made herein arise under the common law of Alabama. Plaintiff avers that the amount of controversy is in excess of the amount necessary to confer subject matter jurisdiction with this Court.

### Factual Allegations

6. Plaintiff avers that he is the assignee of all claims had by LSK against the defendants herein, and that LSK was victimized by the named defendants as is set forth hereinafter.

7. Plaintiff avers he was injured while in the employment of LSK, and that such injury occurred on about March 19, 2008. LSK denied that the plaintiff was injured by an accident that arose out of or in the course or scope of the plaintiff's employment, or in such manner that plaintiff was not entitled to compensation under the Alabama Workers' Compensation Act. Plaintiff further avers that he filed suit over that injury against LSK, and that his lawsuit, Chambers County Case No. CV 08-204, was tried June 18, 2009. Plaintiff further avers that the Chambers County Circuit Court issues an Order and Final Judgment on June 18, 2009, awarding monetary and other benefits to the plaintiff, as against LSK over its objection and despite the allegations of its Answer in that case.

8. Plaintiff avers further that, prior to March 19, 2008, LSK had communicated with and agreed with the defendants in such manner that the defendants contracted, warranted, represented, and affirmed that LSK was covered by and through the defendants for workers'

compensation coverage which was intended to provide benefits for LSK employees such as Roberson.

9. Plaintiff avers, in fact, that on dates prior to the subject work injury, and more specifically in the last 5 to 6 months prior to the subject work injury, the defendants specifically warranted, represented, and affirmed to LSK management employees, Lacey Knowles and/or Scott Knowles, that

a) LSK was covered for workers' compensation insurance purposes through the Fund;

b) that LSK had an existing right to coverage through the Fund upon inspection of LSK property and assets;

c) that LSK had an existing right to coverage through the Fund upon the defendants' assurance that inspection of LSK assets would be marked or represented by the defendants as having been completed satisfactorily such that coverage was in effect;

d) LSK had done what it was told was necessary by the defendants to insure coverage through the Fund was in effect before the Roberson work injury occurred;

e) that the defendants were fully vested with the authority to ensure that LSK had existing coverage through the Fund for workers' compensation through;

f) that LSK had a full existing right to have and expect that the defendants would act in such manner to ensure that LSK was protected by insurance coverage for purposes of workers' compensation.

10. The plaintiff avers that the foregoing representations were false, made recklessly, negligently, or intentionally, and that LSK was deceived and defrauded thereby, and further that LSK relied thereon to its detriment.

Page -4-

11. The plaintiff avers further that the defendants knew material facts that were not disclosed, or that were not disclosed in a timely manner, that the defendants were obligated to disclose effectively and timely, to-wit:

a) that were terms, conditions, or acts that had to be met before LSK was, in fact, insured for workers' compensation coverage through the Fund.

12. The plaintiff avers that the defendants concealed or suppressed those facts, that they did so recklessly, negligently, or intentionally, that LSK was deceived and defrauded thereby, and further that LSK relied thereon to its detriment.

13. The plaintiff further avers that the defendants were under a duty to LSK to act in accordance with sound business practices under the circumstances, to procure and place coverage promptly, effectively, and appropriately to protect LSK in the event of workers' compensation claims, and that the defendants were under a duty to train and supervise agents working on their behalf to ensure that coverage was effectively bound and that customers were not lulled or deceived into believing that coverage was in effect – and further that the defendants breached that duty or those duties, proximately causing LSK to be subjected to enormous financial exposure.

14. The plaintiff further avers that the defendants acted negligently, or with reckless disregard of the rights of LSK in such manner as to constitute wantonness.

15. As a result of the conduct of the defendants, LSK was damaged, and LSK has assigned its rights to pursue this action to Roberson.

16. As a proximate consequence of the conduct of the defendants, separately and/or severally, the plaintiff is entitled to be compensated to the full extent of the judgment entered in

the workers' compensation lawsuit, and for such other damages and losses to which he is entitled

under the common law of the State of Alabama.

### Theories of Liability

17.  Plaintiff avers that the defendants are guilty of **negligent and/or wanton conduct**.

18.  Plaintiff avers that the defendants are guilty of common law and statutory **fraud,**

**misrepresentation, deceit, and suppression**.

19.  Plaintiff avers that the defendants are guilty of **breach of contract**.

### Prayer for Relief

20.  WHEREFORE, premises considers, plaintiff demands compensatory damages in the

full amount deemed to be adequate as determined.

Respectfully submitted,


/s/ Lawrence T. King
/s/ Lindsey O. Simmons
KING, LYONS & SIMMONS, LLC.
1 Metroplex Drive, Suite 280
Birmingham, Alabama 35209
205-871-1310


**SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

**ALABAMA TRUCKING ASSOCIATION WORKERS' COMPENSATION FUND**
**c/o Bruce MacDonald**
Transport Refrigeration Sales & Service
500 Daniel Payne Drive
Birmingham, AL 35214

**ALABAMA TRUCKING ASSOCIATION WORKERS' COMPENSATION FUND**

c/o Gail Cooper

Boyd Bros. Transportation, Inc.

3275 Hwy 30
Clayton, AL 36016

**WALTER SCHOR**

1735 Old Columbiana Rd
Vestavia, AL 35216-1651