IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERIC ROBERSON, )  )  Plaintiff, )  )  v. )  )  ALABAMA TRUCKING ASSOCIATION ) WORKERS' COMPENSATION FUND, ) et al., )  )  Defendants. )  )  ALABAMA TRUCKING ASSOCIATION ) WORKERS' COMPENSATION FUND, )  )  Third Party Plaintiff, )  )  v. )  )  THE NORTH RIVER INSURANCE ) COMPANY, )  )  Third Party Defendant. ) | CIVIL ACTION NO. 3:11CV933-SRW (WO) |

**ORDER**

This action is presently before the court on the motions to remand filed by plaintiff Eric Roberson and defendant Alabama Trucking Association Workers' Compensation Fund (Docs. ## 13, 15). Upon consideration of the motions, the Notice of Removal and responses to the motions to remand and to this court's show cause order filed by third party defendant The North River Insurance Company (Docs. ## 1, 12, 23), and the defendant's reply brief (Doc. # 26), the court concludes that the motions to remand are due to be granted.

Plaintiff Roberson alleges that he was injured on March 19, 2008 in the course of his employment with LSK Enterprises, that he secured a workers' compensation judgment in state court against LSK, and that LSK then assigned to Roberson its rights to any claims against workers' compensation insurers or agents. Thereafter, Roberson commenced this action in the Circuit Court of Chambers County, Alabama, against the Alabama Trucking Association Workers' Compensation Fund ("the Fund") and its agent, Walter Schor, asserting state law claims of negligence, wantonness, fraud, and breach of contract arising from defendants' alleged representations to LSK indicating that LSK had secured workers' compensation coverage and their alleged failure to bind that coverage. (Complaint, Doc. # 1-1).[1] The Fund answered and filed a third party complaint against third party defendant The North River Insurance Company ("North River"), alleging that North River has breached its defense and indemnification duties under its insurance agreement with the Fund as to Roberson's claims, and asserting bad faith and contract claims arising under state law.

On October 31, 2011, North River removed this action from the Circuit Court for Chambers County to this court on the basis of diversity of citizenship between North River and the Fund. (Doc. # 1). North River concedes that diversity of citizenship is lacking

---

[1] Roberson lists a second individual defendant, Chris Jones, in the style of his complaint but does not identify Jones as a party within the body of the complaint or make any factual allegation pertaining to Jones. Plaintiff requested service of the other defendants by certified mail but did not include Jones in the service request; there is no indication in the state court record filed with the notice of removal of service of the summons and complaint on Jones. (Doc. # 1-1, see pp. 1, 2, 6-7; Doc. # 1-4, 1-5). Jones' status as a party and his citizenship are irrelevant to the court's resolution of the present motions.

between Roberson and the defendants he sued. (Id., ¶¶ IV-VI; Doc. # 23, pp. 1-2). However, North River asserts that its removal of this action is proper under the "fraudulent misjoinder" doctrine recognized by the Eleventh Circuit in Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072-73 (11th Cir. 2000), because, under the express terms of its contract with the Fund, the Fund may not bring an action against it while the Fund's liability to the Roberson remains to be determined and is prohibited from impleading it into the action Roberson commenced against the Fund. (Doc. # 1, p. 4). North River contends that, under the insurance policy, the Fund "had no right to join North River as third party defendant in the original state court action brought by Eric Roberson against the Fund and others." (Doc. # 12, ¶ 2). North River asks that this court sever the Fund's third party complaint from the non-removable "original action," remand the original action to state court, and exercise diversity jurisdiction over the third party complaint. (Doc. # 1).

Under § 1441(a),[2] "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to [a federal district court]."[3] 28 U.S.C. § 1441(a)(emphasis added). Roberson and the Fund contend that North

---

[2] North River states that it "does not rely on section 1441(c)" but, instead, "on section 1441(a)" and argues that the Fund's discussion of the effect of an earlier amendment of section 1441(c) on the holding in Carl Heck Engineers, Inc. V. Lafourche Parish Police Jury, 622 F.2d 133 (5th Cir. 1980) should, therefore, " be ignored." (Doc. # 23, p. 3).

[3] The recent amendment to § 1441, effective after removal of this action, did not revise this quoted language.

River – as a third party defendant – is not a "defendant" entitled to remove under this statute. North River disagrees, noting that the cases cited in this court's show cause order did not involve fraudulent misjoinder.[4]  North River argues that Central of Georgia Railway Co. v. Riegel, 426 F.2d 935 (5th Cir. 1970), is "binding authority . . . establish[ing] that North River is a 'defendant' for purposes of 28 U.S.C. § 1441(a)" (Doc. # 23, p. 3) and that, because the Fund has "improperly and fraudulently misjoined its claims against North River with the main action for the sole purpose of attempting to defeat or prevent a removal of those claims by North River" (Doc. # 1, p. 3), this court may sever the third party and original complaints and remand only the latter under Tapscott.  (Doc. # 23, pp. 2-3; Doc. # 12, ¶ 3; Doc. # 1, pp. 3-4).

Contrary to North River's argument, Riegel does not establish that North River is a "defendant" for purposes of § 1441(a).  In Riegel, the underlying "original action" was filed by the plaintiff in state court against his employer, Central of Georgia Railway Company. Riegel, 426 F.2d at 937.  The employer filed a third party complaint against Riegel Textile Corporation pursuant to an indemnity agreement.  Id.  Riegel's first attempt to remove the action on the basis of diversity of citizenship between the third party plaintiff Central of Georgia and Riegel resulted in remand, as the district court concluded that Central of

---

[4] See Doc. # 9 (show cause order citing The Mobile Washington (MOWA) Band of the Choctaw Indian Tribe v. Sunbelt Resources, Inc., 649 F.Supp.2d 1325 (S.D. Ala. 2009), for its holding that a third party defendant asserting diversity jurisdiction is not a "defendant" entitled to remove pursuant to 28 U.S.C. § 1441(a)), and Penn v. Pierce, 2008 U.S. Dist. LEXIS 73890 (M.D. Ala. Sept. 25, 2008), for the proposition that a third party complaint cannot be the basis for invoking the court's diversity-of-citizenship removal jurisdiction).

Georgia's third party indemnity complaint "did not raise a 'separate and independent claim' as required for removal under § 1441(c)" the statute under which Riegel had removed.[5] Id. After remand, the state court "severed the third party complaint for trial purposes and set the original action for trial." Id. (footnote omitted).  Thereafter, Riegel again removed the case to federal court pursuant to § 1441(c).  The District Court granted the motion of the plaintiff to remand the original action, but denied Central of Georgia's motion to remand and retained jurisdiction over the indemnity claim asserted in the third party complaint.  Id.  On interlocutory appeal, the former Fifth Circuit affirmed.  Id. at 938.  While it found § 1441(c) to be inapplicable, it found Riegel to be a "defendant" for purposes of removal under § 1441(a).  North River here relies on the Riegel court's statement that "[w]here removal would not have the effect of defeating plaintiff's choice of forum, the federal courts should recognize that a party in Riegel's position is as much a 'defendant' as if an original action had been brought against him." (Doc. # 23, p. 3).  However, North River overlooks a critical distinction between the procedural posture of the present case and that in Riegel.  In Riegel, the *state* court had severed the third party claim from the original action *before removal*, determining – according to the Fifth Circuit – "that expediency and the interests of the parties were best served by treating the case as two lawsuits."  426 F.2d at 938.  Immediately preceding its observation that "a party in Riegel's position is as much a 'defendant' as if an

---

[5] Section 1441(c) did not then include language expressly limiting its application to cases including a claim presenting a federal question.  See MOWA, 649 F.Supp.2d at 1330.  The district court's first remand order was not at issue in the appeal before the former Fifth Circuit.  Riegel, 426 F.2d at 937 n. 6.

original action had been brought against him[,]" the former Fifth Circuit reasoned that concerns about defeating the plaintiff's choice of forum – *i.e.,* "that removal [by a third party defendant] 'is too much akin to the tail wagging the dog'" (quoting 1A Moore, *Federal Practice*, § 0.167(10)(1961) at 1052) – have "no application where by judicial surgery tail and dog have been separated." Riegel, 426 F.2d at 938. The court further noted the policy consideration that "[t]he state may wish to promote settlements by keeping in one court actions growing out of the same transaction." Id. However, it reasoned that, "[t]o the extent that this is a real problem, *it is a consideration for the state trial court in making its decision whether or not to sever.* Id. (emphasis added). Thus, Riegel holds only that, once the *state* court has severed the original action from the third party claim, the third party defendant becomes a "defendant" for purposes of removal pursuant to § 1441(a).[6] See Title Pro Closings, L.L.C. v. Tudor Insurance Company, 840 F.Supp.2d 1299, 1304 (M.D. Ala. 2012)("[A] state court's decision to sever the original action from the third party claim transforms the original defendant into a plaintiff and the third party defendant into a defendant capable of removing the action.")(citing Riegel 426 F.2d at 938 n. 7). In the present case, North River decided not to seek severance of the third party claims in state court. (See Doc. # 12, ¶ 6)("North River argues that not only should the Fund's claims against North River have been brought in an independent action, the Policy expressly

---

[6] North River argues that "[t]he Court in Riegel affirmed the district court's remand of the claims of the original complaint and its retention of jurisdiction of the third party claims after severance of the third party claims for purposes of trial." (Doc. # 12). North River fails to acknowledge that it was the state court, not the federal district court, that severed the claims.

6

prohibits the Fund from bringing North River into the suit with Roberson in the first place. Arguably, North River might have raised this point in the state court and sought relief there. By proceeding in state court, however, North River would have put at jeopardy its window of opportunity to remove and its right to federal diversity jurisdiction on a claim which, by contract and law, should have been brought in a manner which would have permitted removal.").[7] Because the third party complaint had not been severed from the original action at the time of removal, North River remained a third party defendant and not a "defendant" entitled to remove the action pursuant to 28 U.S.C. § 1441(a). See Tyson v. Miller, 2012 WL 1994855, *3-4 (S.D. Ala. May 8, 2012), *recommendation adopted*, 2012 WL 19954874 (S.D. Ala. June 4, 2012); MOWA, 649 F.Supp.2d at 1329; Penn v. Pierce, 2008 U.S. Dist. LEXIS (Sept. 25, 2008).

North River's reliance on the "fraudulent misjoinder" doctrine of Tapscott is misplaced, and does not change the court's determination that North River was not a "defendant" for purposes of the removal statute. First, in Tapscott, the Eleventh Circuit examined the issue of whether the action – removed by a party that was unquestionably a

---

[7] District courts in this circuit – including this court – have addressed this timing issue, concluding that the thirty-day period for removal begins to run upon the state court's severance of the third party claim. See Title Pro Closings, 840 F.Supp.2d at 1301-05 (finding removal timely where third party defendant filed a notice of removal more than thirty days after receiving notice by letter "that the amount in controversy exceeded $75,000" but only fifteen days after the state circuit court's order "cleav[ing] [the third party claim] from the underlying suit brought by the [state court plaintiffs]"); Sharp General Contractors, Inc. v. Mt. Hawley Insurance Company, 471 F.Supp.2d 1304, 1306 (S.D. Fla. 2007)("In this case, it was not until October 12, 2006, when the state court issued its order to sever, that Mt. Hawley became a defendant, rather than a third party defendant, and was permitted to remove the state court case to district court.").

"defendant" under § 1441(a) – was, in fact, within the court's *original* jurisdiction by virtue of diversity of citizenship under 28 U.S.C. § 1332.  77 F.3d at 1359.  "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)(also identifying Tapscott as presenting "a third situation of fraudulent joinder").  In this case, it is not the lack of diversity between Roberson and the Fund that defeats removal.  Even if no party to this action shared a state of citizenship with any other party, North River remains a third party defendant.

Additionally, even assuming that the fraudulent joinder doctrine should be extended to a context other than disregarding a party for purposes of assessing diversity of citizenship, the court cannot conclude that North River's joinder was fraudulent.  Tapscott involved two classes of plaintiffs – an "automobile" class including plaintiffs that sought relief against nondiverse defendants, and a "merchant" plaintiff class represented by two Alabama citizens that sought relief from Lowe's Home Centers, Inc., a corporate citizen of North Carolina.  Id. at 1360.  The sole relationship between the claims of the two classes was that both classes asserted violations of the same Alabama statutes.  Id.  There were no allegations of joint liability between Lowe's and any other defendant and no allegation of conspiracy.  Id.  The district court denied the plaintiffs' motion to remand as to defendant Lowe's, and severed and remanded the claims of the "automobile" class.  Id.  The Eleventh Circuit examined the requirements for joinder of defendants under Fed. R. Civ. P. 20(a), including "a claim for

relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences." The court stated, "Although certain putative class representatives may have colorable claims against resident defendants in the putative 'automobile' class, these resident defendants have no real connection with the controversy involving Appellants Davis and West and Appellee Lowe's in the putative 'merchant' class action. We hold that the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder. We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." Id. The court concluded, therefore, that "diversity of citizenship is satisfied by reason of fraudulent joinder." Id.

The standard governing whether a defendant may implead a third party is found in Rule 14 of the Federal Rules of Civil Procedure. That rule provides that "[a] defending party may, as third party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).[8] The Fund's third

---

[8] The Alabama rule is substantially the same. It provides that, "[a]t any time after commencement of the action a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff." ARCP 14(a). While some courts have found that the fraudulent misjoinder question should be resolved by resort to state law (see, e.g., Fed. Ins. Co. v. Tyco International, 422 F.Supp.2d 357, 380-86 (S.D.N.Y. 2006)), the Eleventh Circuit resolved the question by reference to the federal rule. Tapscott, 77 F.3d at 1360. This court, accordingly, does likewise. See Bear Lumber Company, Inc. v. Headley, 2009 WL 2448161 (M.D. Ala. Aug. 10, 2009)(declining to reach the issue of whether a third party defendant may remove pursuant to § 1441(c) where – under Fed. R. Civ. P. 14(a) – impleader of the removing party was improper). As the former Fifth Circuit observed in Riegel, "[t]here is a federal interest in seeing that the removal statute is applied uniformly to litigants in all states. ...The removal statute which is nationwide in its operation, was intended to be

party complaint against North River asserts that North River has a duty to defend as to the claims asserted against the Fund in the underlying action and a duty to indemnify the Fund as to those claims. (Doc. # 1-3). Thus, the third party complaint clearly asserts that North River "is or may be liable to [the Fund] for all or part of the claim against it." See Fed. R. Civ. P. 14(a). As a matter of civil procedure, the Fund's impleader of North River was proper. Thus – even assuming that the "fraudulent misjoinder" doctrine of Tapscott should apply to the question of whether North River is a "defendant" for purposes of § 1441(a) – the court cannot conclude that there is *any* misjoinder, let alone one that is so egregious as to be fraudulent. Under Rule 14(a), North River is a proper third party defendant; it is not a "defendant."

The court further finds without merit North River's contentions that the impleader was "fraudulent" because the Fund has "not met the condition precedent to taking action against North River" and is precluded by the terms of the parties' agreement from impleading North River. (Doc. # 1, p. 4). Even assuming that it is appropriate to determine the existence of removal jurisdiction by resort to interpretation of language drafted by the parties, the North River has failed to demonstrate that there is *no possibility* that the Fund states a claim on any of the third party claims it lodges against North River. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284 (11th Cir. 1998)("'If there is *even a possibility* that a state court would

---

uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied.'" 426 F.2d 938 (quoting Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941)).

find that the complaint states a cause of action ..., the federal court must find that the joinder was proper and remand the case to the state court.' The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.")(citation omitted; emphasis in Triggs). With regard to the "no action" clause that North River contends demonstrates that the Fund has "not met the condition precedent to taking action against North River" (Doc. # 1, p. 4), the court notes that the Fund alleges that it has "met all conditions precedent in the North River policy." See Doc. # 1-3, p. 13, ¶ 18. The Alabama Rules of Civil Procedure allow satisfaction of conditions precedent to be pled generally and requires that a denial of such satisfaction be "made specifically and with particularity." A.R.C.P. 9(c). The court cannot conclude that there is *no possibility* that an Alabama court would find the Fund to have stated a cause of action. Additionally, the court cannot conclude that an Alabama court would not find a "no impleader" clause to have been waived by an insurer who fails to tender a defense. Cf. Hall v. Allstate Ins. Co., 880 F.2d 394, 397 (11th Cir. 1989)(observing that, under Georgia law, an insurer's alleged breach of a duty to defend permits impleader of the insurer, despite the presence of a "no action" clause); Colton v. Swain, 527 F.2d 296 (7th Cir. 1975)(finding that, under Illinois law, the inclusion of a no action clause and a "no impleader/joinder clause" did not bar a third party claim against an insurer who had refused to tender a defense.). These are issues that North River must raise defensively and the mere existence of the no-action and no-impleader clauses in the contract of insurance does not

demonstrate that an Alabama court would necessarily decide that the Fund has failed to state a claim against North River.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). Despite its conclusion that North River is not a defendant statutorily entitled to remove this action pursuant to 28 U.S.C. § 1441(a), the court cannot conclude that North River "lacked an objectively reasonable basis for seeking removal" so as to justify an award of fees and costs. Accordingly, the Fund's motion for such an award is due to be denied.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Roberson's and the Fund's motions to remand (Docs. ## 13, 15) are GRANTED, and the Fund's motion for an award of costs and attorney's fees (also within Doc. # 15) is DENIED.

It is further ORDERED that this action, in its entirety, is REMANDED to the Circuit Court for Chambers County, Alabama, pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction.

Done, this 27th day of September, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE